JAMES H. THEBEAU (CA State Bar No. 128845)
Deputy County Counsel
MICHELLE D. BLAKEMORE, (CA State Bar No. 110474)
County Counsel
385 North Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415
Telephone: (909) 387-4402
Facsimile: (909) 387-4069
E-Mail: jthebeau@cc.sbcounty.gov

Attorneys for Defendants San Bernardino County and San Bernardino County Sheriff's Department

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE ROBLES PLASCENCIA,<br><br>            Plaintiff,<br><br>      v.<br><br>UNITED STATES OF AMERICA; ICE DOES 1-8; SAN BERNARDINO COUNTY; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; and CALIFORNIA DOES 1-10,<br><br>            Defendants. | CV 17-02515 JGB (SPx)<br><br>**AMENDED ANSWER TO COMPLAINT BY DEFENDANTS SAN BERNARDINO COUNTY AND SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT**<br><br>Honorable District Court Judge Jesus G. Bernal |

Defendants San Bernardino County and San Bernardino County Sheriff's Department (County) hereby answer the Complaint as follows:

   1. County denies paragraphs 1, 2, 3, 6, 7, 8, 9, 10, 13, 15, 18-25, 27 (1st, 3rd, 4th, 5th and 6th sentences), 31, 32, 33, 35, 36 – 48, 50-53, 54 (2nd, 3rd and 4th sentences), 55 and 60-62, 64 – 69, 71 – 77, 79 – 82, 84 – 86 and 88 – 94, for lack of sufficient information or knowledge.

   2. County denies paragraphs 4, 5, 11 (except for sentence two), 12, 16 (except for second sentence) 27 (second sentence), 28 – 30, 34, 49, 56 – 59, 96 – 102, 104 – 110,

112 – 116, 118 – 121, 123 – 130 and 132 – 136.

## FIRST AFFIRMATIVE DEFENSE

Any injury or damages to plaintiff herein were proximately caused by the negligence of the plaintiff, in that plaintiff failed to exercise ordinary care under the circumstances by, among other things, leaving her identity card behind and failing to leave the jail promptly upon release, failing to read documentation pertaining to her release, signing documentation that allegedly did not apply to her, signing documentation without knowing its content, and failing to appear in court as ordered, resulting in a warrant for her arrest.  Plaintiff is therefore barred from recovery herein, or, if any state law liability is found on the part of County, then plaintiff's recovery shall be reduced on the basis of plaintiff's contributory comparative negligence.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff failed to mitigate damages by, among other things, leaving her identity card behind and failing to leave the jail promptly upon release.

## THIRD AFFIRMATIVE DEFENSE

The state law claims are barred as against the County for plaintiff's failure to fairly include facts and theories supporting the Complaint in a timely filed government claim as required by Government Code §§ 910, et seq., including but not limited to, facts and theories supporting a Bane Act claim or intentional/negligent infliction of emotional distress.

## FOURTH AFFIRMATIVE DEFENSE

The County is immune pursuant to Government Code §§ 815 and 815.2 (b) for plaintiff's failure to identify or allege facts supporting breach of a statutory duty of care.

## FIFTH AFFIRMATIVE DEFENSE

The County is immune pursuant to Government Code §§ 844.6 and 845.4 as to the alleged wrongful conduct of defendant and injuries occurring prior to plaintiff's release.

## SIXTH AFFIRMATIVE DEFENSE

The County is immune pursuant to Civil Code § 43.55 based on plaintiff's arrest and

booking on a bench warrant for her arrest.

## SEVENTH AFFIRMATIVE DEFENSE

The County is immune pursuant to Penal Code § 847 (b)(1) and (2) based on reasonable cause to believe that plaintiff's arrest and imprisonment were reasonable and lawful.

## EIGHTH AFFIRMATIVE DEFENSE

If plaintiff sustained any damage as alleged in the Complaint, that damage was proximately caused and contributed to by other persons, entities or parties other than the County in failing to conduct themselves in a manner ordinarily expected of reasonably prudent persons.  The County shall therefore be liable only for the amount of non-economic damages allocated in direct proportion to defendant's percentage of fault, pursuant to Civil Code § 1431.2 and other applicable law.

WHEREFORE, County prays plaintiff takes nothing by reason of the Complaint, and for costs of suit incurred herein, for defense costs, including reasonable attorney fees, and for such other and further relief as the Court deems just and proper.

DATED: January 31, 2018              MICHELLE D. BLAKEMORE
                                     County Counsel

                                     */s/ James H. Thebeau*
                                     JAMES H. THEBEAU
                                     Deputy County Counsel
                                     Attorneys for Defendants