NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
JOANNE OSINOFF
Assistant United States Attorney
Chief, General Civil Section
GRACE Y. PARK (Cal. Bar No. 239928)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-3551
     Facsimile: (213) 894-7819
     E-mail: Grace.Park@usdoj.gov

Attorneys for Defendant the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GUADALUPE ROBLES PLASCENCIA,<br><br>     Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>     Defendants. | No. EDCV 17-2515 JGB (SPx)<br><br>DEFENDANT THE UNITED STATES OF AMERICA'S ANSWER TO COMPLAINT<br><br><br><br><br>Hon. Jesus G. Bernal |

Defendant the United States of America ("defendant") answers or otherwise responds to plaintiff Guadalupe Robles Plascencia's ("plaintiff") complaint (Dkt. 1), without waiving any applicable affirmative defense, and admits, denies, or alleges as follows:

1.    Defendant admits that plaintiff is a naturalized U.S. citizen who was 60 years old at the time her complaint was filed. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 1 and therefore denies them.

2. Defendant admits that U.S. Immigration and Customs Enforcement ("ICE") briefly detained plaintiff to confirm her claim of U.S. citizenship. Defendant further admits that plaintiff was placed in restraints for a portion of her brief detention. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 2 and therefore denies them.

3. Paragraph 3 contains historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

4. Defendant admits that, on March 30, 2017, San Bernardino County Sheriff's Department notified ICE officers when an individual ICE was interested in was ready to be released from county jail. Defendant further admits that, on March 30, 2017, ICE officers had access to some portions of San Bernardino County Sheriff Department's facilities, including the secure parking lot. Defendant lacks sufficient knowledge or information to form a belief as to the remaining allegations of paragraph 4 and therefore denies them.

5. Paragraph 5 constitutes legal conclusions that do not require an answer. To the extent any response is deemed required, such allegations are denied.

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. Defendant denies that plaintiff became a naturalized U.S. citizen on May 28, 1998. Plaintiff became a naturalized U.S. citizen on July 2, 1998. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 8 and therefore denies them.

9. Defendant admits that ICE is a federal agency under the jurisdiction of the Department of Homeland Security and was organized and exists under the laws of the United States. Defendant lacks sufficient knowledge or information to form a belief as to

the truth of the allegation that the United States at all relevant times is and/or was the employer of ICE Does 1-8. The remaining allegations of paragraph 9 constitute legal conclusions that do not require an answer. To the extent any response is deemed required, such allegations are denied.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 and therefore denies them.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 and therefore denies them.

14. Paragraph 14 constitutes legal conclusions and jurisdictional allegations that do not require an answer. To the extent any response is deemed required, such allegations are denied.

15. Defendant admits that plaintiff submitted an administrative claim on May 24, 2017, which was filed on June 1, 2017. The remaining allegations of paragraph 15 constitute legal conclusions that do not require an answer. To the extent any response is deemed required, such allegations are denied.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16 and therefore denies them.

17. Paragraph 17 constitutes legal conclusions and jurisdictional allegations that do not require an answer. To the extent any response is deemed required, such allegations are denied.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18 and therefore denies them.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 and therefore denies them.

20. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20 and therefore denies them.

21. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21 and therefore denies them.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 and therefore denies them.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 23 and therefore denies them.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24 and therefore denies them.

25. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 and therefore denies them.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 and therefore denies them.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27 and therefore denies them.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 and therefore denies them.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 and therefore denies them.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 and therefore denies them.

31. Defendant admits that two male ICE officers approached plaintiff as she walked towards the exit of West Valley Detention Center and identified themselves to her as ICE officers.  The remaining allegations of paragraph 31 constitutes legal conclusions that do not require an answer.  To the extent any response is deemed required, such allegations are denied.

32. Defendant admits that plaintiff told the ICE officers that she was a U.S.

citizen. Defendant denies the remaining allegations of paragraph 32.

33. Defendant admits that, at some point during her brief detention, plaintiff confirmed that she could provide additional paperwork to prove her U.S. citizenship – namely her passport – if given the chance. Defendant further admits the two ICE officers took plaintiff to an unmarked vehicle in the West Valley Detention Center's secure parking lot. Defendant denies the remaining allegations of paragraph 33.

34. Defendant admits that, on March 30, 2017, ICE officers had access to some portions of San Bernardino County Sheriff Department's facilities, including the secure parking lot. Defendant denies the remaining allegations of paragraph 34.

35. Defendant admits that plaintiff was placed in restraints for a portion of her brief detention. Defendant admits that plaintiff waited in the vehicle in the secure parking lot of the West Valley Detention Center. Defendant denies the remaining allegations of paragraph 35.

36. Defendant admits that ICE officers transported plaintiff from the West Valley Detention Center to the ICE field station and escorted her inside the field station. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 36 and therefore denies them.

37. Defendant admits that an ICE officer approached plaintiff and asked her to identify herself. Defendant denies the remaining allegations of paragraph 37.

38. Defendant admits that ICE officers removed the restraints from plaintiff. Defendant further admits that plaintiff told ICE officers that she was a U.S. citizen and that her daughter had her passport. Defendant lacks sufficient knowledge or information to form a belief as to plaintiff's allegations that: (1) one ICE officer told plaintiff that, with her passport, the ICE officer would review data accessible through a computer and determine her citizenship status; and (2) an ICE officer asked plaintiff for her driver's license and therefore denies these allegations. Defendant denies the remaining allegations of paragraph 38. Specifically, plaintiff told ICE officers that she had previously been the victim of identity theft.

39. Defendant admits that an ICE officer called plaintiff's daughter to inform her that plaintiff was being detained at the ICE San Bernardino field station, and plaintiff then spoke with her daughter and asked her daughter to bring her passport to the station. Defendant denies the remaining allegations of paragraph 39.

40. Defendant admits that when plaintiff's daughter arrived at the field station, an ICE officer reviewed the passport and input information into a computer. Defendant lacks sufficient knowledge or information to form a belief as to plaintiff's allegation that an ICE officer also collected plaintiff's gun registration. Defendant denies the remaining allegations of paragraph 40.

41. Defendant admits that an ICE officer asked plaintiff a series of questions and based on her responses, released her from ICE's custody. Defendant denies the remaining allegations of paragraph 41.

42. Defendant admits that ICE conducted database searches for information about plaintiff. Defendant denies the remaining allegations of paragraph 42.

43. Paragraph 43 contains historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

44. Paragraph 44 contains historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

45. Paragraph 45 contains historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

46. Paragraph 46 contains historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

47. Defendant admits that ICE policy prohibits issuing detainers solely based on evidence of foreign birth and the absence of records in available databases. Defendant

denies the remaining allegations of paragraph 47.

48. Defendant denies the allegations of paragraph 48.

49. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 49 and therefore denies them.

50. Paragraph 50 contains historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

51. Defendant denies the allegations of paragraph 51.

52. Defendant denies the allegations of paragraph 52.

53. Paragraph 53 contains historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

54. Defendant admits that San Bernardino County Sheriff's Department receives immigration detainers from ICE. The remaining allegations of paragraph 54 contain historical background and/or personal opinion that do not require an answer. To the extent any response is deemed required, such allegations are denied.

55. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 55 and therefore denies them.

56. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 56 and therefore denies them.

57. Defendant admits that, on March 30, 2017, ICE officers had access to some portions of San Bernardino County Sheriff Department's facilities, including the secure parking lot. Defendant denies the remaining allegations of paragraph 57.

58. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 58 and therefore denies them.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 59 and therefore denies them.

60. Defendant denies the allegations of paragraph 60.

| | |
|---|---|
| 1 | 61. Defendant denies the allegations of paragraph 61. |
| 2 | 62. Defendant denies the allegations of paragraph 62. |
| 3 | 63. Paragraph 63 re-alleges and incorporates by reference the allegations set out |
| 4 | in paragraphs 1 through 62 of the complaint. Defendant accordingly incorporates by |
| 5 | references its responses to paragraphs 1 through 62 of the complaint. |
| 6 | 64. Defendant denies the allegations of paragraph 64. |
| 7 | 65. Defendant denies the allegations of paragraph 65. |
| 8 | 66. Defendant denies the allegations of paragraph 66. |
| 9 | 67. Defendant lacks sufficient knowledge or information to form a belief as to |
| 10 | the truth of the allegations of paragraph 67 and therefore denies them. |
| 11 | 68. Defendant denies the allegations of paragraph 68. |
| 12 | 69. Defendant lacks sufficient knowledge or information to form a belief as to |
| 13 | the truth of the allegations of paragraph 69 and therefore denies them. |
| 14 | 70. Paragraph 70 re-alleges and incorporates by reference the allegations set out |
| 15 | in paragraphs 1 through 69 of the complaint. Defendant accordingly incorporates by |
| 16 | references its responses to paragraphs 1 through 69 of the complaint. |
| 17 | 71. Paragraph 71 constitutes legal conclusions that do not require an answer. To |
| 18 | the extent any response is deemed required, such allegations are denied. |
| 19 | 72. Paragraph 72 constitutes legal conclusions that do not require an answer. To |
| 20 | the extent any response is deemed required, such allegations are denied. |
| 21 | 73. Paragraph 73 constitutes legal conclusions that do not require an answer. To |
| 22 | the extent any response is deemed required, such allegations are denied. |
| 23 | 74. Defendant denies the allegations of paragraph 74. |
| 24 | 75. Defendant denies the allegations of paragraph 75. |
| 25 | 76. Defendant denies the allegations of paragraph 76. |
| 26 | 77. Defendant lacks sufficient knowledge or information to form a belief as to |
| 27 | the truth of the allegations of paragraph 77 and therefore denies them. |
| 28 | 78. Paragraph 78 re-alleges and incorporates by reference the allegations set out |

in paragraphs 1 through 77 of the complaint. Defendant accordingly incorporates by references its responses to paragraphs 1 through 77 of the complaint.

79. Defendant denies the allegations of paragraph 79.

80. Defendant denies the allegations of paragraph 80.

81. Defendant denies the allegations of paragraph 81.

82. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 82 and therefore denies them.

83. Paragraph 83 re-alleges and incorporates by reference the allegations set out in paragraphs 1 through 82 of the complaint. Defendant accordingly incorporates by references its responses to paragraphs 1 through 82 of the complaint.

84. To the extent paragraph 84 refers to Bane Act violations premised on the Fourth and Fifth Amendment of the U.S. Constitution, the court dismissed these claims without leave to amend and accordingly a response is not required. Defendant denies the remaining allegations of paragraph 84.

85. Defendant denies the allegations of paragraph 85.

86. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 86 and therefore denies them.

87. Paragraph 87 re-alleges and incorporates by reference the allegations set out in paragraphs 1 through 86 of the complaint. Defendant accordingly incorporates by references its responses to paragraphs 1 through 86 of the complaint.

88. Defendant is not a party to the Bivens claim and a response to the allegations of paragraph 88 is therefore not required. To the extent any response is deemed required, such allegations are denied.

89. Defendant is not a party to the Bivens claim and a response to the allegations of paragraph 89 is therefore not required. To the extent any response is deemed required, such allegations are denied.

90. Defendant is not a party to the Bivens claim and a response to the allegations of paragraph 90 is therefore not required. To the extent any response is deemed required,

such allegations are denied.

91. Defendant is not a party to the <u>Bivens</u> claim and a response to the allegations of paragraph 91 is therefore not required. To the extent any response is deemed required, such allegations are denied.

92. Defendant is not a party to the <u>Bivens</u> claim and a response to the allegations of paragraph 92 is therefore not required. To the extent any response is deemed required, such allegations are denied.

93. Defendant is not a party to the <u>Bivens</u> claim and a response to the allegations of paragraph 93 is therefore not required. To the extent any response is deemed required, such allegations are denied.

94. Defendant is not a party to the <u>Bivens</u> claim and a response to the allegations of paragraph 94 is therefore not required. To the extent any response is deemed required, such allegations are denied.

95. Paragraph 95 re-alleges and incorporates by reference the allegations set out in paragraphs 1 through 94 of the complaint. Defendant accordingly incorporates by references its responses to paragraphs 1 through 94 of the complaint.

96. Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 96 is therefore not required. To the extent any response is deemed required, such allegations are denied.

97. Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 97 is therefore not required. To the extent any response is deemed required, such allegations are denied.

98. Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 98 is therefore not required. To the extent any response is deemed required, such allegations are denied.

99. Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 99 is therefore not required. To the extent any response is deemed required, such allegations are denied.

1          100.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 100 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           101.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 101 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           102.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 102 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           103.   Paragraph 103 re-alleges and incorporates by reference the allegations set out in paragraphs 1 through 102 of the complaint. Defendant accordingly incorporates by references its responses to paragraphs 1 through 102 of the complaint.

           104.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 104 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           105.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 105 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           106.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 106 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           107.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 107 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           108.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 108 is therefore not required. To the extent any response is deemed required, such allegations are denied.

           109.   Defendant is not a party to the California Tort Claims Act claim and a

1  response to the allegations of paragraph 109 is therefore not required.  To the extent any
2  response is deemed required, such allegations are denied.

3       110.  Defendant is not a party to the California Tort Claims Act claim and a
4  response to the allegations of paragraph 110 is therefore not required.  To the extent any
5  response is deemed required, such allegations are denied.

6       111.  Paragraph 111 re-alleges and incorporates by reference the allegations set out
7  in paragraphs 1 through 110 of the complaint.  Defendant accordingly incorporates by
8  references its responses to paragraphs 1 through 110 of the complaint.

9       112.  Defendant is not a party to the California Tort Claims Act claim and a
10 response to the allegations of paragraph 112 is therefore not required.  To the extent any
11 response is deemed required, such allegations are denied.

12      113.  Defendant is not a party to the California Tort Claims Act claim and a
13 response to the allegations of paragraph 113 is therefore not required.  To the extent any
14 response is deemed required, such allegations are denied.

15      114.  Defendant is not a party to the California Tort Claims Act claim and a
16 response to the allegations of paragraph 114 is therefore not required.  To the extent any
17 response is deemed required, such allegations are denied.

18      115.  Defendant is not a party to the California Tort Claims Act claim and a
19 response to the allegations of paragraph 115 is therefore not required.  To the extent any
20 response is deemed required, such allegations are denied.

21      116.  Defendant is not a party to the California Tort Claims Act claim and a
22 response to the allegations of paragraph 116 is therefore not required.  To the extent any
23 response is deemed required, such allegations are denied.

24      117.  Paragraph 117 re-alleges and incorporates by reference the allegations set out
25 in paragraphs 1 through 116 of the complaint.  Defendant accordingly incorporates by
26 references its responses to paragraphs 1 through 116 of the complaint.

27      118.  Defendant is not a party to the California Tort Claims Act claim and a
28 response to the allegations of paragraph 118 is therefore not required.  To the extent any

1  response is deemed required, such allegations are denied.

2   119.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 119 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

   120.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 120 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

   121.   Defendant is not a party to the California Tort Claims Act claim and a response to the allegations of paragraph 121 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

   122.   Paragraph 122 re-alleges and incorporates by reference the allegations set out in paragraphs 1 through 121 of the complaint.  Defendant accordingly incorporates by references its responses to paragraphs 1 through 121 of the complaint.

   123.   Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 123 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

   124.   Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 124 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

   125.   Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 125 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

   126.   Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 126 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

   127.   Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 127 is therefore not required.  To the extent any response is deemed required, such allegations are denied.

128. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 128 is therefore not required. To the extent any response is deemed required, such allegations are denied.

129. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 129 is therefore not required. To the extent any response is deemed required, such allegations are denied.

130. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 130 is therefore not required. To the extent any response is deemed required, such allegations are denied.

131. Paragraph 131 re-alleges and incorporates by reference the allegations set out in paragraphs 1 through 130 of the complaint. Defendant accordingly incorporates by references its responses to paragraphs 1 through 130 of the complaint.

132. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 132 is therefore not required. To the extent any response is deemed required, such allegations are denied.

133. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 133 is therefore not required. To the extent any response is deemed required, such allegations are denied.

134. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 134 is therefore not required. To the extent any response is deemed required, such allegations are denied.

135. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 135 is therefore not required. To the extent any response is deemed required, such allegations are denied.

136. Defendant is not a party to the § 1983 claim and a response to the allegations of paragraph 136 is therefore not required. To the extent any response is deemed required, such allegations are denied.

137. Any allegations to which a response is deemed necessary and have not been

admitted, denied, or otherwise responded to, are hereby denied.

In further response to the complaint, defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE

138. The court lacks subject matter jurisdiction over some or all of this action.

### SECOND AFFIRMATIVE DEFENSE

139. Plaintiff's claims are barred insofar as they challenge an act or omission of a government employee exercising due care in the execution of a statute or regulation, or to the extent that plaintiff's claims are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. See 28 U.S.C. § 2680(a).

### THIRD AFFIRMATIVE DEFENSE

140. Plaintiff is barred from bringing any claim for which she did not timely file a formal administrative complaint or otherwise comply with the applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

141. Pursuant to 28 U.S.C. § 2675, plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that which was set forth in her administrative tort claim.

### FIFTH AFFIRMATIVE DEFENSE

142. Plaintiff fails to state a claim upon which relief may be granted.

### SIXTH AFFIRMATIVE DEFENSE

143. At all times, defendant acted reasonably and had a legitimate, good faith, and legal reason for each action it took with respect to plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

144. The United States, through its employees and agents, acted lawfully with due care and diligence at all relevant times, and did not violate any of plaintiff's constitutional or other rights of any nature whatsoever.

### EIGHTH AFFIRMATIVE DEFENSE

145. The United States and its employees, officials and agents conduct was

privileged or otherwise justified by law.

### NINTH AFFIRMATIVE DEFENSE

146. The United States, through its employees, officials and agents, had reasonable or probable cause under the applicable facts and law to detain, arrest, segregate and/or otherwise take and maintain custody of plaintiff.

### TENTH AFFIRMATIVE DEFENSE

147. Plaintiff's claims are barred by the doctrines of unclean hands, waiver, and estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

148. To the extent that the law (common or statutory) of the State of California, where the alleged acts or omissions occurred, limits damages, reduces damages, or limits a defendant's liability or a plaintiff's cause of action, that law applies to this action against the United States to the extent that it is not inconsistent with the Federal Tort Claims Act.

### TWELFTH AFFIRMATIVE DEFENSE

149. The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

150. Plaintiff's arrest and detention was lawful under the circumstances and any injury or damages Plaintiff allegedly suffered were due to and caused by the intervening and superseding acts of third parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

151. Plaintiff failed to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

152. Plaintiff's recovery, if any, must be reduced by any benefits compensating the same loss.

//

### SIXTEENTH AFFIRMATIVE DEFENSE

153. Plaintiff may recover only those damages allowed under the law. Punitive damages and pre-judgment interest are not recoverable against defendant, and plaintiff does not have a right to a jury trial under 28 U.S.C. §§ 2402, 2674.

### SEVENTEENTH AFFIRMATIVE DEFENSE

154. Plaintiff cannot recover attorney's fees from the United States under 28 U.S.C. § 2412(a)(1), and plaintiff's attorney's fees are further limited by 28 U.S.C. § 2678.

### EIGHTEENTH AFFIRMATIVE DEFENSE

155. Defendant reserves the right to assert any and all additional affirmative defenses that it has or through discovery it learns may be applicable.

WHEREFORE, defendant prays for judgment against plaintiff as follows:

1. That plaintiff takes nothing by way of her complaint.

2. That plaintiff's complaint be dismissed with prejudice and judgment entered in favor of defendant; and

3. For such other and further relief as the court deems just and proper.

Dated: June 7, 2018

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
JOANNE OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ *Grace Y. Park*
GRACE Y. PARK
Assistant United States Attorney
Attorneys for Defendant the United States of America