Douglas A. Axel (SBN 173814)
daxel@sidley.com
Sean A. Commons (SBN 217603)
scommons@sidley.com
James M. Perez (SBN 249842)
james.perez@sidley.com
Alexandria Daugherty (SBN 307684)
adaugherty@sidley.com
Alexandria V. Ruiz (SBN 313286)
aruiz@sidley.com
Waqas A. Akmal (SBN 316601)
wakmal@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Telephone: +1 213 896 6023
Facsimile: +1 213 896 6600

Jennifer Pasquarella (SBN 263241)
jpasquarella@aclusocal.org
Adrienna Wong (SBN 282026)
awong@aclusocal.org
Eva L. Bitran (SBN 302081)
ebitran@aclusocal.org
ACLU FOUNDATION of SOUTHERN CALIFORNIA
225 W. Hospitality Ln., Ste. 302
San Bernardino, CA 92408
Telephone: (909) 380-7505
Facsimile:  (213) 977-5299

Attorneys for Plaintiff
Guadalupe Robles Plascencia

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| GUADALUPE ROBLES PLASCENCIA,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; ICE DOES 1-8; SAN BERNARDINO COUNTY; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT; and CALIFORNIA DOES 1-10,<br><br>Defendants. | Case No.  5:17-CV-02515-JGB-SP<br><br>**PLAINTIFF GUADALUPE ROBLES PLASCENCIA'S NOTICE OF MOTION AND UNOPPOSED MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Assigned to: Hon. Jesus G. Bernal<br><br>Date:    August 13, 2018<br>Time:   9:00 a.m.<br>Ctrm:   1 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 13, 2018 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 1 of the above-entitled Court located at 3470 Twelfth Street, Riverside, CA, before the Honorable Jesus G. Bernal, Plaintiff Guadalupe Robles Plascencia will and does hereby move this Court for an order to amend her Complaint.

This Motion is brought pursuant to Federal Rule of Procedure 15 and Local Rule 15-1, and is unopposed by Defendants San Bernardino County, the San Bernardino County Sheriff's Department, and the United States of America.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities and exhibits attached thereto, as well as the Declaration of Alexandria V. Ruiz filed concurrently herewith, all documents, records and files of this action and upon such oral and/or documentary evidence as may be properly presented at or before the hearing.

Date: July 16, 2018

SIDLEY AUSTIN LLP

By: /s/ Alexandria V. Ruiz
    Alexandria V. Ruiz

ACLU FOUNDATION of SOUTHERN CALIFORNIA

By: */s/ Eva L. Bitran*
    Eva L. Bitran

Attorneys for Plaintiff
Guadalupe Robles Plascencia

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. BACKGROUND ..................................................................................................2

III. LEGAL STANDARD ..........................................................................................4

IV. ARGUMENT........................................................................................................5

    A. Ms. Plascencia Has Acted Diligently, Not with Undue Delay .................5

    B. Ms. Plascencia Seeks to Advance Her Cause in Good Faith....................6

    C. Defendants Will Suffer No Prejudice From The Proposed Amendment ................................................................................................6

    D. Ms. Plascencia's Amendment is Not Futile; It Will Permit Resolution on the Merits ..............................................................................7

V. CONCLUSION ....................................................................................................8

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
   465 F.3d 946 (9th Cir. 2006) .................................................................................. 5

*Balisteri v. Pacifica Police Dept.*,
   901 F.2d 696 (9th Cir. 1988) .................................................................................. 4

*DCD Programs, Ltd. v. Leighton*,
   833 F.2d 183 (9th Cir. 1987) .............................................................................. 5, 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) ................................................................................ 5

*Foman v. Davis*,
   371 U.S. 178 (1962) ....................................................................................... 4, 5, 7

*Lockheed Martin Corp. v. Network Solutions, Inc.*,
   194 F.3d 980 (9th Cir. 1999) .............................................................................. 6, 7

*Miller v. Rykoff-Sexton, Inc.*,
   845 F.2d 209 (9th Cir. 1988) .................................................................................. 7

*Morongo Band of Mission Indians v. Rose*,
   893 F.2d 1074 (9th Cir. 1990) ................................................................................ 4

*Sonoma Cty Ass'n of Retired Employees v. Sonoma Cty*,
   708 F.3d 1109 (9th Cir. 2013) ................................................................................ 5

*Sorosky v. Burroughs Corp.*,
   826 F.2d 794 (9th Cir. 1987) .................................................................................. 6

*United States v. Corinthian Colleges*,
   655 F.3d 984 (9th Cir. 2011) .................................................................................. 4

*United States v. Webb*,
   655 F.2d 977 (9th Cir. 1981) .................................................................................. 4

/ / /

/ / /

/ / /

**Other Authorities**

Federal Rule of Civil Procedure 15 ................................................................... 1, 4, 5

Federal Rule of Civil Procedure 26 ...................................................................... 2, 3

Federal Rule of Civil Procedure 37 ............................................................................ 3

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Guadalupe Robles Plascencia ("Ms. Plascencia") moves to amend the complaint in this action in order to name individual defendants, the identities of whom were previously unknown and are currently named as ICE Does 1-8 and California Does 1-10. (*See* Dkt. No. 1 at 1.) A copy of the proposed First Amended Complaint is attached to this motion as Exhibit A, and the page and line numbers of the proposed changes are provided in Exhibit B. Defendants United States of America, San Bernardino County, and the San Bernardino County Sheriff's Department (collectively, the "Defendants") do not oppose this motion.

## I. INTRODUCTION

Ms. Plascencia moves to amend the complaint to name as individual defendants the officers who wrongfully arrested and detained her in violation of her state and federal rights. Ms. Plascencia's motion should be granted because it satisfies the lenient standard of Federal Rule of Civil Procedure 15, which provides that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15. All of the requisite factors counsel in favor of amendment. Permitting amendment will not cause undue delay of these proceedings; Ms. Plascencia is acting in good faith and without dilatory motive; Defendants will suffer no prejudice due to the timing of the proposed amendments; and the proposed amendments are not futile.

Ms. Plascencia diligently sought to learn the identities of the unnamed individual defendants, making repeated requests of Defendants to obtain this information. Upon recent receipt of this information, Ms. Plascencia moved swiftly. In less than four days, she prepared an amended complaint, provided it to Defendants, and requested a stipulation. San Bernardino County and the Sheriff's Department have since agreed to stipulate to such a filing; the United States has not. As a result, Ms. Plascencia moves this court—without opposition from any of the Defendants[1]—

---

[1] By not opposing, Defendants reserve all rights to dispute or deny any of the claims and allegations in the amended complaint.

1  for leave to amend the Complaint in order to name individual defendants and ensure
2  that her action is decided on the merits.
3  **II. BACKGROUND**
4      Ms. Plascencia is a United States citizen whom officers and agents with the San
5  Bernardino County Sheriff's Department and ICE unlawfully detained. The troubling
6  circumstances surrounding her arrest and detention, which serve as the basis for her
7  claims, are set forth at length in the complaint. (*See* Dkt. No. 1, "Complaint.") Ms.
8  Plascencia asserts eleven counts against the United States, ICE Does 1-8, San
9  Bernardino County, San Bernardino County Sheriff's Department, and California
10  Does 1-10. (*Id.*) Of those eleven counts, Ms. Plascencia alleges a *Bivens* claim for
11  unreasonable seizure against ICE Does 1-8, and four state tort claims and two
12  constitutional claims against California Does 1-10. (Compl. ¶¶ 87-136.)
13      Although Ms. Plascencia did not know the identities of the Doe Defendants at
14  the time she filed the Complaint, she has diligently sought this information from San
15  Bernardino County, the Sheriff's Department, and the United States (collectively,
16  "Defendants") since. In January, Ms. Plascencia's counsel wrote Defendants and
17  requested the names and contact information for the Doe Defendants. (Ruiz Decl.
18  ¶ 3.) She never received a formal response. (*Id.*) In March, during the conference
19  between Ms. Plascencia and counsel for the United States regarding the United States'
20  Motion to Dismiss, Ms. Plascencia requested for a second time, the names of ICE
21  Does 1-8. (*Id.* ¶ 4.) Counsel for the United States indicated that disclosure would not
22  occur unless and until the action reached discovery. (*Id.*)
23      In early April, the parties conferred as required under Federal Rule of Civil
24  Procedure 26(f). (Ruiz Decl. ¶ 5.) During that conference, Ms. Plascencia again
25  requested that Defendants disclose the identities of the respective Doe Defendants;
26  Defendants again refused on the ground that they should not have to provide her with
27  additional defendants. (*Id.*)
28      Upon exchange of the parties' initial disclosures, the County disclosed the first

1 initial and last name of individual officers, while the United States merely disclosed,
2 as potential witnesses, Ms. Plascencia and her daughter. (Ruiz Decl. ¶ 7.) As she
3 explained in the Joint Rule 26(f) Report, due to Defendants' refusal to disclose this
4 information in violation of this Court's Order Setting Scheduling Conference and their
5 obligations under Federal Rule of Civil Procedure 26(a)(1)(i),[2] Ms. Plascencia
6 propounded written discovery to obtain the information. (Dkt. No. 37 at 2.)

7 The parties appeared before the Court for their Scheduling Conference in late
8 May. Ms. Plascencia's counsel raised the Defendants' failure to disclose the identities
9 of the Doe Defendants with the Court. During that conference, the Court stated: "I
10 will allow some flexibility regarding the amendment of the complaint to include doe
11 defendants once they are identified, but I would urge the parties to move quickly to
12 identify who those persons are since there should be no dispute about who they are."
13 (May 21 Hrg. Tr. 18:18-22.)

14 Heeding this admonition, the County subsequently supplemented its initial
15 disclosures and provided the full names of the officers involved in her arrest and
16 detention. (Ruiz Decl. ¶ 9.) The United States did not. Despite representing to the
17 Court that the United States would "identify [the Doe Defendants] the way they were
18 requested in written discovery" and that the United States "[was] ready to respond to
19 [Ms. Plascencia's written discovery] properly," (May 21 Hrg. Tr. 17:11-19), the
20 United States objected to each and every one of Plaintiff's discovery requests and
21 refused to produce a single document. (*Id.* ¶ 9.)

22 Thereafter, Ms. Plascencia initiated the meet and confer process under Federal
23 Rule of Civil Procedure 37. (Ruiz Decl. ¶ 10.) During the subsequent in-person
24 conference, the United States agreed to produce the names of the Doe Defendants
25 subject to a modification of Ms. Plascencia's discovery requests. (*Id.* ¶ 10.) The
26 United States disclosed the full names of seven ICE officials who came in contact
27 with her on March 30, 2017 in supplemental responses dated June 11, 2018. (*Id.*

28 [2] The United States disputes this.

3

¶ 11.) Ms. Plascencia requested Defendants stipulate to the filing of an amended complaint and provided Defendants with a proposed First Amended Complaint ("FAC") on June 15, 2018. (*Id.*) Defendants requested and were granted extensions to respond to her request. (*Id.* ¶ 12.) On June 29, the United States indicated that it would be unable to stipulate to the filing of an amended complaint. Then, at the Rule 7-3 conference regarding this motion on July 3, the United States indicated that it might not oppose the motion if provided the opportunity to review it before filing, and the County indicated that it would be willing to stipulate to the filing provided any amended complaint would be subject to all previously asserted defenses. (*Id.* ¶ 13.) The United States thereafter maintained its position that it would not stipulate to the filing of the FAC, but it agreed not to oppose this motion. (*Id.*)

## III. LEGAL STANDARD

"The standard for granting leave to amend is generous." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988)). Federal Rule of Civil Procedure 15(a)(2) articulates a policy in favor of amendment and provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court directs that "this mandate is to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the Ninth Circuit requires that "Rule 15's policy of favoring amendments to pleadings []be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotation marks and citation omitted); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed,[3] undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of

---

[3] Since Plaintiff has not previously received leave from the Court to amend the Complaint, Plaintiff will not address this factor in Part IV.

4

amendment . . . .'" *Sonoma Cty Ass'n of Retired Employees v. Sonoma Cty*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman*, 371 U.S. at 182). However, "[p]rejudice is the 'touchstone of the inquiry under Rule 15(a),'" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice," *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987), and absent prejudice, or a strong showing on the other factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence*, 316 F.3d at 1052 (emphasis in original).

## IV. ARGUMENT

Ms. Plascencia's motion should be granted because all of the factors counsel in favor of amendment, satisfying the lenient standard under Federal Rule of Civil Procedure 15. She reasonably seeks to amend the Complaint to name as individual defendants the officers who wrongfully arrested and detained her in violation of her state and federal rights.

### A. Ms. Plascencia Has Acted Diligently, Not with Undue Delay.

In evaluating undue delay, a court must consider the timeliness of the motion under the Rule 16 Scheduling Order, and "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006). Here, Ms. Plascencia's motion is timely in both respects. First, she petitions for leave to amend the Complaint within the period of time provided by this Court in the Scheduling Order. The last day to stipulate to amend or to file a motion to amend pleadings or add new parties is August 6, 2018, (Dkt. No. 43), and this motion is being filed at least three weeks in advance of that deadline. Second, Ms. Plascencia did not know the facts underlying this amendment at the time she filed this action. As she stated in the Complaint, ICE Does 1-8 and California Does 1-10 were individuals whose identities were unknown to her at the time of filing. (Compl. ¶¶ 10, 12.) The identities of the Doe Defendants were disclosed through discovery, (Ruiz Decl. ¶¶ 9,

11), and Ms. Plascencia moved to name these individual defendants as soon as practicable. (*Id.* ¶¶ 11-13.)

### B. Ms. Plascencia Seeks to Advance Her Cause in Good Faith.

Ms. Plascencia has diligently sought to discover the identities of the Doe Defendants since filing this action, negotiating to resolution the disclosure of such information by Defendants. (Ruiz Decl. ¶¶ 3-12.) Ms. Plascencia's proposed amendments are based upon the best available information obtained to date based on discovery and meeting and conferring with Defendants.

Defendants do not and cannot present any compelling evidence of bad faith conduct by Ms. Plascencia. Moreover, the circumstances here are clearly distinguishable from those where bad faith has been found. *See, e.g.*, *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (noting that the plaintiff's request to amend complaint after discovery had closed suggested bad faith conduct); *Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir. 1987) (finding bad faith conduct by plaintiff seeking to add defendant to destroy diversity, and thus jurisdiction, of the court). Upon learning the identities of the Doe Defendants, Ms. Plascencia immediately sought a stipulation from all parties to file an amended complaint. (*Id.* ¶ 11.) As explained above, while the County and Sheriff's Department agreed, the United States did not. (*Id.* ¶ 12.) The United States does not, however, oppose this motion. (*Id.* ¶ 13.)

### C. Defendants Will Suffer No Prejudice From The Proposed Amendment.

Defendants will suffer no prejudice from Ms. Plascencia's proposed amendments to the Complaint. The information Ms. Plascencia needed to amend the Complaint has always been within the possession of Defendants. Defendants should have reasonably anticipated this amendment in light of her administrative claims, her correspondence requesting this information, the Complaint, and her repeated requests for the identities of the Doe Defendants since filing this action.

### D. Ms. Plascencia's Amendment is Not Futile; It Will Permit Resolution on the Merits.

A proposed amended pleading is futile "[w]here the legal basis for a cause of action is tenuous," *Lockheed Martin Corp.*, 194 F.3d at 986, or "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). "Where the underlying facts or circumstances of a case 'may be a proper subject of relief, [a plaintiff] ought to be afforded an opportunity to test [her] claims on the merits.'" *DCD Programs*, 833 F.2d at 188 (quoting *Foman*, 371 U.S. at 182).

Here, Ms. Plascencia's proposed amendment is not futile. Her amendments are merely to name the individual defendants whose identities were previously unknown to her. The claims she asserts remain the same, and the facts alleged are more than sufficient to state a claim, at this stage, against each proposed individual defendant. This Court already has found her claims against the United States—the employer of ICE Does 1-8—sufficient to survive a motion to dismiss, and the claims against the Doe Defendants rely on the same facts. (Dkt. No. 45).[4]

In sum, none of the factors counseling against permitting an amended pleading exist here. The liberal policy favoring amendment applies and provides that leave to amend be granted.

/ / /

/ / /

/ / /

---

[4] The Court dismissed Plaintiff's Bane Act claim to the extent it was based on federal constitutional violations, but held that she sufficiently stated a Bane Act claim where her allegations were premised on violations of the California Constitution. (*See* Dkt. No. 45.)

## V. CONCLUSION

For the reasons set forth above and in the interests of justice, the motion should be granted. Ms. Plascencia respectfully requests leave to amend the Complaint.

Date: July 16, 2018

SIDLEY AUSTIN LLP

By: */s/ Alexandria V. Ruiz*
    Alexandria V. Ruiz

ACLU FOUNDATION of SOUTHERN CALIFORNIA

By: */s/ Eva L. Bitran*
    Eva L. Bitran

Attorneys for Plaintiff
Guadalupe Robles Plascencia