UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 17-02515 JGB (SPx)** | Date | August 8, 2018 |
|---|---|---|---|
| Title | ***Guadalupe Robles Plascencia v. United States of America, et al.*** | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

Proceedings:   **Order (1) GRANTING Plaintiff's Motion for Leave to Amend; and (2) VACATING the August 13, 2018 Hearing (IN CHAMBERS)**

Before the Court, is Plaintiff Guadalupe Robles Plascencia's ("Plaintiff") unopposed Motion for Leave to Amend her Complaint. ("Motion," Dkt. No. 49.) Plaintiff attached a copy of the proposed first amended complaint ("FAC") to her Motion. ("Exh. A," Dkt. No. 49-1.) Plaintiff also attached the page and line numbers of the proposed changes as Exhibit B to her Motion. ("Exh. B," Dkt. No. 49-2.) Lastly, Plaintiff filed a Declaration of Alexandria Ruiz. ("Ruiz Decl.," Dkt. No. 49-3.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court GRANTS the Motion. The Court VACATES the August 13, 2018 hearing.

## I.   BACKGROUND

On December 19, 2017, Plaintiff filed a complaint against the United States, Immigration and Customs Enforcement ("ICE") Does 1-8, San Bernardino County, San Bernardino County Sheriff's Department, and California Does 1-10. ("Complaint," Dkt. No. 1.) She alleged eleven causes of action: (1) Federal Tort Claims Act ("FTCA"): false arrest/false imprisonment against Defendant United States; (2) FTCA: negligence against Defendant United States; (3) FTCA: intentional infliction of emotional distress, or in the alternative negligent infliction of emotional distress, against Defendant United States; (4) FTCA: the Bane Act (Cal. Civ. Code § 52.1(a)) against Defendant United States; (5) Fourth Amendment (Bivens): unreasonable seizure against Defendants ICE Does 1-8; (6) California Tort Claims Act (Cal. Gov't Code §§ 815.2, 820): false arrest/false imprisonment against Defendants San Bernardino County, San Bernardino County Sheriff's Department, and California Does 1-10; (7) California Tort Claims Act (Cal. Gov't Code

**CIVIL MINUTES—GENERAL**

§§ 815.2, 820): negligence against Defendants San Bernardino County, San Bernardino County Sheriff's Department, and California Does 1-10; (8) California Tort Claims Act (Cal. Gov't Code §§ 815.2, 820): intentional infliction of emotional distress, or in the alternative negligent infliction of emotional distress, against Defendants San Bernardino County, San Bernardino County Sheriff's Department, and California Does 1-10; (9) the Bane Act (Cal. Civ. Code § 52.1) against Defendants San Bernardino County, San Bernardino County Sheriff's Department, and California Does 1-10; (10) Fourth and Fourteenth Amendment (42 U.S.C. § 1983): unreasonable seizure against Defendants California Does 1-10; and (11) Fourteenth Amendment (42 U.S.C. § 1983): equal protection against Defendants California Does 1-10.  On January 10, 2018, Defendants San Bernardino County and San Bernardino County Sheriff's Department filed an answer.  (Dkt. No. 22.)  They filed an amended answer on January 31, 2018.  (Dkt. No. 25.)

On March 22, 2018, the United States of America filed a motion to dismiss.  (Dkt. No. 33.)  On May 25, 2018, the Court denied Defendant United States of America's motion except as to the Bane Act Claim as premised on federal constitutional violations.  (Dkt. No. 45.)

## II.   LEGAL STANDARD

Leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)).  Leave to amend is not automatic, however.  The Ninth Circuit considers a motion for leave to amend under five factors: bad faith, undue delay, prejudice to the opposing party, the futility of amendment, and whether the plaintiff has previously amended his or her complaint.  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004).  "The party opposing amendment bears the burden of showing prejudice, unfair delay, bad faith, or futility of amendment."  United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing Eminence Capital, 316 F.3d at 1052; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186–87 (9th Cir. 1987)).

## III.   DISCUSSION

Plaintiff seeks to amend her Complaint to name Doe Defendants, specifically the officers who arrested and detained her.  (Mot. at 1.)  The Court finds all of the factors favor amendment and GRANTS Plaintiff's Motion for the reasons discussed below.

## A.   Bad Faith

There is no indication that Plaintiff acted in bad faith.  Plaintiff seeks leave to amend to add the names and identities of the Doe Defendants, as revealed through discovery.   (Mot. at 6.) Plaintiff does not appear to seek leave to amend as a means of circumventing dismissal.  See Trans Video Electronics, Ltd. v. Sony Electronics, Inc., 278 F.R.D. 505, 510 (N.D. Cal. 2011), aff'd sub nom. Tans Video Electronics, Ltd. v. Sony Electronics Inc., 475 F. App'x 334 (Fed. Cir.

---

2012) (finding that a motion to amend was made in bad faith when the court granted the defendant's motion for summary judgment and the plaintiff moved to amend "as a lastditch attempt to avoid the case being dismissed in its entirety"); Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir. 1991) ("[a] motion for leave to amend is not a vehicle to circumvent summary judgment").  Thus, the Court finds this factor supports amendment.

## B.    Undue Delay

The Court finds this factor also favors granting leave to amend.  Plaintiff did not know the facts underlying the amendment at the time she filed the Complaint and the Doe Defendants' identities were revealed through discovery.  (Mot. at 5 (citing Compl. ¶¶ 10, 12, Ruiz Decl. ¶¶ 9, 11.)  The deadline to amend has not yet passed.  In the Court's Scheduling Order, it specified the last day to stipulate to amend or to file a motion to amend pleadings or add new parties would be August 6, 2018, and Plaintiff filed this Motion on July 16, 2018.  ("Scheduling Order," Dkt. No. 43.)

Further, Plaintiff filed this Motion without undue delay.  On May 21, 2018, the parties appeared before the Court for their Scheduling Conference.  (Ruiz Decl. ¶ 8.)  Defendant County of San Bernardino subsequently disclosed the full names of the officers involved in response to written discovery requests.  (Id. ¶ 9.)  On June 4, 2018, Plaintiff's counsel conferred with counsel for the United States pursuant to Federal Rule of Civil Procedure 37 and on June 11, 2018, the United States provided supplemental disclosures to Plaintiff.  (Id. ¶¶ 10-11.)  By June 15, 2018, Plaintiff provided a draft of her First Amended Complaint ("FAC") to Defendants and requested they stipulate to Plaintiff filing the FAC.  (Id. ¶ 11.)  On June 29, 2018, the United States indicated that it would not stipulate to the filing of the FAC.  (Id. ¶ 12.)  On July 3, 2018, the parties conferred pursuant to Local Rule 7-3.  (Id. ¶ 13.)  Plaintiff filed this Motion on July 16, 2018.

## C.    Prejudice to the Opposing Party

The Court determines Defendants will not suffer any prejudice from the proposed amendment.  Defendants maintained the information Plaintiff needed to amend her Complaint (the identities of the Doe Defendants).  (Mot. at 6.)  Defendants could have reasonably anticipated this amendment in light of Plaintiff's claims and her request for this information.  (Id.)

Further, Plaintiff made this Motion prior to the close of discovery.  (See Scheduling Order.)  Thus, granting leave to amend will not require the Court to reopen discovery and the Court finds no prejudice will result.  See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of the plaintiff's motion for leave to amend when the discovery deadline was five days after the motion was filed and the additional causes of action would have required additional discovery).

**D.      Futility of Amendment**

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989) (citations omitted). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).

Here, Plaintiff's proposed amendment supplies the identities of the Doe Defendants. The claims Plaintiff asserts remain unchanged. The Court has already determined Plaintiff's claims sufficient to survive a motion to dismiss, although the Court dismissed Plaintiff's Bane Act claim to the extent it was based on federal constitutional violations. (Dkt. No. 45.)

**E.      Previous Amendment**

Plaintiff has not sought previous amendment. Thus, this factor is inapplicable. See Dep't of Fair Employment and Housing v. Law School Admission Council, Inc., No. C-12-1830, 2013 WL 485830, at *8 (N.D. Cal. Feb. 6, 2013) ("This factor is plainly inapplicable to the instant motion since [the plaintiff] has made no previous effort to amend.").

## IV.      CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. Plaintiff shall file her amended complaint no later than August 17, 2018.

**IT IS SO ORDERED.**